**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| HECTOR C. CORDERO, | Civ. Action No. 21-10731 (RMB) |
| v. | **OPINION** |
| ROBERT CHETIRKIN, et al., | |
| Respondents | |

RENÈE MARIE BUMB, CHIEF UNITED STATES DISTRICT JUDGE

This matter comes before the Court upon Petitioner Hector C. Cordero's ("Petitioner") petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 25-year sentence for first-degree aggravated manslaughter, imposed by the New Jersey Superior Court, Law Division, Camden County, on July 28, 2015. (Pet., Dkt. No. 1.) Respondents filed an answer in opposition to habeas relief. (Answer, Dkt. No. 5.) For the reasons discussed below, the Court will deny the habeas petition.

**I.     PROCEDURAL HISTORY**

In June 2013, a Camden County grand jury returned an indictment against Petitioner, charging him with: first-degree murder of Delita Robinson, in violation of N.J.S.A. 2C:11-3a(1),(2) (Count One); third-degree possession of a weapon for an unlawful purpose, in violation of N.J.S.A. 2C:39-4d (Count Two); fourth-degree unlawful possession of a weapon, in violation of N.J.S.A. 2C:39-5d (Count Three);

1

third-degree hindering apprehension or prosecution, in violation of N.J.S.A. 2C:29-3b(1) (Count Four); first-degree attempted murder of Carlos Lugo, in violation of N.J.S.A. 2C:5-1/2C:11-3a(1) (Count Five); second-degree aggravated assault, in violation of N.J.S.A. 2C:12-1b(1) (Count Six); third-degree aggravated assault, in violation of N.J.S.A. 2C:12-1b(2) (Count Seven); third-degree possession of a weapon for an unlawful purpose, in violation of N.J.S.A. 2C:39-4d (Count Eight); and fourth-degree unlawful possession of a weapon, in violation of N.J.S.A. 2C:39-5d (Count Nine). (Ra1, Dkt. No. 5-3).

On May 4, 2015, Petitioner pled guilty, pursuant to a negotiated plea agreement, to an amended charge of Count One, first-degree aggravated manslaughter. (Rta1, Dkt. No. 5-42; Ra3, Dkt. No. 5-44.) In exchange for petitioner's guilty plea, the State agreed to recommend a sentence of imprisonment between 20 and 25 years, subject to the No Early Release Act (hereinafter "NERA"). (Rta1, Dkt. No. 5-42.) Petitioner's violation of probation and any other charges would also run concurrent to his sentence. (*Id.*) Following a colloquy with Petitioner, the trial court accepted petitioner's plea. (*Id.*) On July 28, 2015, the Honorable Gwendolyn Blue, J.S.C. sentenced Petitioner to a 25-year term of imprisonment subject to NERA, and two concurrent sentences. (Rta2, Dkt. No. 5-43.)

On May 11, 2016, Petitioner filed a petition for post-conviction relief (hereinafter "PCR"). (Ra5, Dkt. No. 5-7.) On January 13, 2017, Judge Blue dismissed Petitioner's PCR petition without prejudice, permitting Petitioner to file an

appeal *nunc pro tunc*, within 45 days. (Ra9, Dkt. No. 5-11.) On April 28, 2017, the Appellate Division granted Petitioner's motion to file a notice of appeal as within time. (Ra14, Dkt. No. 5-16.)

On January 11, 2018, following argument on the Excessive Sentencing Oral Argument ("ESOA") calendar, the Appellate Division affirmed the judgment of the trial court. (Ra18, Dkt. No. 5-20.) On March 19, 2018, Petitioner filed a verified PCR petition. (Ra19, Dkt. No. 5-21.) On February 8, 2019, Judge Blue denied the PCR petition without an evidentiary hearing. (Ra29, Dkt. No. 5-29.) Petitioner appealed. (Ra30-33, Dkt. Nos. 30-33.) On May 21, 2019, the Appellate Division granted Petitioner's motion to file a notice of appeal as within time. (Ra34, Dkt. No. 5-34.) The Appellate Division affirmed the denial of Petitioner's PCR petition on November 17, 2020. (Ra39, Dkt. No. 5-37.) On April 1, 2021, the New Jersey Supreme Court denied Petitioner's petition for certification. (Ra43, Dkt. No. 5-41.) Petitioner presents one ground for relief in his habeas petition, that his trial counsel was ineffective at sentencing by failing to argue for a 20-year sentence based on the mitigating factor of Petitioner's mental illness, supported by Petitioner's medical records. (Pet., Dkt. No. 1-2 at 14-23.)

## II.    DETERMINATIONS BY PCR COURT

Pursuant to 28 U.S.C. § 2254(e)(1), determinations of factual issues by a state court are presumed to be correct on habeas review. The petitioner has the burden to rebut the presumption of correctness by clear and convincing evidence. (*Id.*) The

PCR court made the following findings of fact and conclusions of law, in relevant part,[1] and denied Petitioner's PCR petition.

> [O]n July 11, 2002, Camden police officers responded to the intersection of 7th and Ramona Gonzalez Streets. Upon arrival, the officers observed the victim, identified as Delita Robinson, lying on the ground near Division and 7th Street, bleeding from her back.
>
> This victim, Ms. Robinson, was also stabbed on the left side of her chest. She was transported to the hospital and later succumbed to her injuries. Camden police officers then received a report that there was another victim who was later identified as Carlos Lugo (ph), who was stabbed in the left side of his chest at the intersection of Broadway and Royden Streets in Camden.
>
> Mr. Lugo informed the officers that the stabbing occurred outside of a temporary employment agency at the corner of Broadway and Royden Streets. Mr. Lugo stated that as he was standing outside of the employment agency, Mr. Lugo was approached by a man who had a knife. This man swung the knife at Mr. Lugo and stabbed him on his left side of his body. Mr. Lugo gave a description of his assailant to the police.
>
> Hispanic male fitting the description given [by] Mr. Lugo was observed by the officers entering a home at 522 Clinton Street. This male ignored the officers' commands for him to stop. When he exited the home through the rear door, he was apprehended and was later identified as the defendant. The defendant's sister gave the officer[s]

---

[1] In his PCR petition, Petitioner alleged his counsel was ineffective by failing to raise the issue of intoxication as a mitigating factor at sentencing. (Ra35, Dkt. No. 5-35 at 39-40.) Petitioner does not raise this issue in his habeas petition, with the exception of one sentence, "Certainly, the combination of Petitioner's intoxication in tandem with the then unmedicated schizoaffective disorder help explain the seemingly unexplainable conduct engaged in by Petitioner on July 11, 2012." (Pet., Dkt. No. 1-2 at 16.) The PCR court, affirmed by the Appellate Division, reasonably rejected Petitioner's ineffective assistance of counsel claim based on failure to raise intoxication as a mitigating factor because there was no evidence in the record that Petitioner was intoxicated. (Rta5, Dkt. No. 5-46 at 9-11, Ra39, Dkt. No. 5-37 at 10.)

consent to search the home located at 522 Clinton Street. The officers discovered several knives in the home. The officers later spoke with Jennifer Sweeney and Ms. Sweeney informed the officers that while she was waiting at the transportation center, she observed a male that had blood on both of his hands and arms and he stated, "I just killed a bitch."

Other witnesses in the area reveal that they observed the defendant in the area of the murder with - - he had changed his clothing from what these witnesses had saw. He still had blood on his hands and he had a knife. Mr. Lugo positively identified the defendant in a photo array as the man who had stabbed him.

. . .

At his plea hearing, the defendant stated that he had reviewed the charge as well as all the reports with his attorney, that he had enough time to meet with his attorney, that his attorney had answered all questions he had, and that he was agreeing by his plea to a sentence between 20 and 25 years, and that he understood that this Court was not bound by his attorneys or in argument for a term less than 25 years. Defendant then gave a factual basis for the charge of first degree aggravated manslaughter.

On July 28th, 2015, defendant appeared before this Court with counsel for sentencing. At sentencing, defense counsel argued for a term of 23 years to be imposed, which would be that mid-range term of what he agreed to between 20 to 25 years. This Court went through each aggravating and mitigating factor and I found that Aggravating Factors 3, 6, and 9 were applicable, and I found no mitigating factors. I also found that the aggravating factors clearly, convincingly, and substantially outweighed the mitigating factors.

. . .

Finally, I note that defense counsel and defendant in his pro se brief raised the issue of mental illness as a non-

statutory factor that should have been considered at sentencing. His argument is that trial counsel is ineffective for failing to acquire an expert to evaluate the defendant's mental health.

Now I do note that this argument was raised by Appellate counsel at oral argument … that the Court should have found and afforded weight to a non-statutory factor of the defendant's mental illness.

The Appellate Division clearly rejected that argument, holding that the sentence was not manifestly excessive or unduly punitive and that it did not constitute an abuse of discretion. New Jersey Court Rule 3:22-5 states that prior adjudication upon the merits of any ground for relief is conclusive whether made in a proceeding resulting in a conviction or at any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof or in any appeal taken from such proceedings.

That prior adjudication of an issue ordinarily bars a subsequent PCR hearing on the same basis, State v. Afanador, 151 N.J. 4151, 1997. Post-conviction relief is precluded when the issue is identical or substantially equivalent to the issue already adjudicated on the merits.

And I do note that even if this claim had not been adjudicated, the introduction of the defendant's mental health history would not have been outcome determinative pursuant to Strickland. I note that this Court was already in possession of and when I say possession of, I note that the Court had given counsel time in this case in reference to getting information regarding his client. The Court note[s] that the defendant in the PCR report -- pre-sentence report had outlined the defendant's self-reported mental health issue.

So those issues regarding his mental health w[ere] considered when I did my analysis. I note that there are no reports filed indicating that the defendant's mental health impacted his decision making at the time of the stabbing. There are no documents provided today that suggest or support the defendant's argument that he suffers from

some type of mental defect or that he suffered from a mental defect that interfered with his ability to understand.

There are reports that says that Mr. Cordero had tried to hurt himself in the past, I reviewed those documents. That he suffered from, I believe it was from schizophrenia. But the mere fact you are diagnosed with a condition does not automatically -- there's a presumption that there's no showing – that there's a presumption that someone does not understand what's happening. He still has the same diagnosis as he sits in my court as he writes his pro se brief in support of the relief that he's seeking. That certainly suggests to the Court even with his diagnosis, he understands what's happening.

I certainly would not have taken a plea from Mr. Cordero had I thought for one moment he did not understand what was happening. Certainly, it would be impossible to go through the whole process with a defendant who is not understanding what's happening.

I note at the time of the arrest when the defendant went into that home on Clinton Street, he came out -- there was a change of clothing. And I do note that when you look at that, changing of clothing after stabbing is certainly indicative of a defendant being aware of what was happening and the consequences of those actions. I note as a result of his changing of his clothing he was charged with hindering apprehension.

I find that this issue has already been adjudicated. It was already considered by the trial court at the time of his sentencing. I considered the issue where he says he suffers from this condition. I find he's barred from raising this same issue. I find that because the Court was aware at the time of his reported diagnos[is], I find that the defendant has failed to show the Court how his sentencing result would have been different.

It sounds, when I hear counsel's argument, what I hear is that had the Court known about these things, it would have made a difference in what the Court imposed for sentencing. There's no affirmative argument that this

defendant suffered from a mental defect at the time of the incident. It's an argument that had the Court known, she would have sentenced the defendant differently. And these are things that were made known to the Court regarding his diagnos[is] and I don't hear him arguing that he could not understand what was happening at the time.

In <u>State v. Acevedo</u>, Supreme Court held that mere excessiveness of a sentence, otherwise within authorized limits, are distinct from illegality by reason of being beyond or not in accordance with legal authorization, it's not an appropriate ground for post-conviction relief, and can only be raised on direct appeal from the conviction.

What I really find when I carefully look at the matter before me, I find that the defendant's ineffective assistance of a claim, based on trial counsel's alleged failure to present mitigating factors, is really an excessive sentence argument in disguise. These are issues and the same issues that was raised -- the arguments that's being raised, again, it's not that the defendant didn't understand. He's making arguments that the Court maybe would have given me something less than what I got had she -- was made aware of these things. That's nothing no more than an excessive sentence argument in disguise.

I find that even if an[] excessive sentencing argument was a cogni[zable] claim in the PCR, even if the Appellate Division had not already ruled in this matter, I find that the defendant's trial counsel acted within the range of competence demanded of attorneys in criminal cases when he argued during his client's sentencing, requesting a mid-range sentence.

I find that the defendant has failed to demonstrate that there's a reasonable probability that but for counsel's failure to ask for more mitigating factors, the defendant would not have pled guilty and would have insisted on going to trial.

Mr. Cordero was made aware that this Court was not bound by a sentence -- an argument for a lower sentence, but he still wanted to plead guilty. He's not shown how if

8

> raising at the end or placing before the Court that he was intoxicated, how the result would have been different before the Court.
>
> So for the reasons stated, I find that the defendant has failed to make a prima facie case of ineffective assistance of counsel. Therefore, I find that evidentiary hearing in this matter is not necessary. And for the reasons I've stated very detailed on the record, his application for post-conviction relief is denied.

(Rta5, Dkt. No. 5-46 at 5-15) (alterations added).

### III.    APPELLATE DIVISION'S OPINION ON PCR APPEAL

Habeas review is of the highest reasoned state court adjudication of the petitioner's federal claims for relief. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). The Appellate Division affirmed the PCR court as follows:

> Defendant's ineffective assistance of counsel claims are akin to an excessive sentence challenge and are substantially equivalent to claims raised—or that could have been raised—on direct appeal and are therefore barred under Rule 3:22-4(a). Even if they were not—which is not the case—they are substantively meritless. Defendant failed to satisfy the two-pronged test enumerated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which our Supreme Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987). We will address defendant's procedural and substantive contentions.
>
> I.
>
> It is well-settled that PCR proceedings are not a substitute for a direct appeal. R. 3:22-3; State v. Afanador, 151 N.J. 41, 50 (1997). "Ordinarily, PCR enables a defendant to challenge the legality of a sentence or final judgment of conviction by presenting contentions that could not be raised on direct appeal." Id. at 49 (citing State v. McQuaid, 147 N.J. 464, 482 (1997)).

. . .

Defendant argues that plea counsel rendered ineffective assistance by not investigating and raising mental illness as a non-statutory factor and by failing to present competency and capacity arguments in support of mitigating factors (2) and (4) at sentencing. But the judge concluded—and we agree—that defendant's ineffective assistance claims are really "excessive sentence argument[s] in disguise," which Rule 3:22-4(a) precludes. See State v. Acevedo, 205 N.J. 40, 44 (2011) (explaining that "excessive sentencing arguments must be raised in a direct appeal, not by way of . . . a petition for [PCR]").

Moreover, defendant's claims were previously adjudicated or could have been raised on direct appeal. At defendant's excessive sentence oral argument his appellate counsel argued that the trial judge should have afforded weight to defendant's alleged mental illness as a non-statutory factor and emphasized that defendant suffered from schizophrenia and bipolar disorder and had been hospitalized on several occasions. Appellate counsel also argued that the trial judge should have ordered a psychological evaluation of defendant prior to sentencing. This court considered these arguments and all relevant mitigating factors and affirmed defendant's sentence.

As such, defendant's claims are procedurally barred.

II.

Even if defendant's arguments were not procedurally barred—which is not the case—he has failed to establish a prima facie claim for ineffective assistance of counsel under Strickland/Fritz.

. . .

Defendant argues his plea counsel rendered ineffective assistance by failing to make capacity, competency, and mitigation arguments. As to the first prong of Strickland/Fritz, the judge concluded that:

10

> . . . I find that . . . defendant's [plea] counsel acted within the range of competence demanded of attorneys in criminal cases when he argued during his client's sentencing, requesting a mid-range sentence.

We substantially agree. Counsel argued for a mid-range sentence where the recommended term in the initial plea agreement was twenty-five years. Counsel urged the judge to consider defendant's cooperation, his intent to rehabilitate himself, and the hardship a long sentence would pose on his relationship with his child. Therefore, defendant failed to rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance[.]" Id. at 689.

The judge noted that defendant was aware she was not bound by the recommended sentence but voluntarily pled guilty. Defendant gave a sufficient factual basis, and represented that he reviewed the police reports, his plea counsel answered his questions, he was satisfied with his counsel's services, he was pleading guilty voluntarily of his own free will, and that he understood his sentencing exposure.

. . .

Defendant presented no reports showing how his alleged intoxication prevented him from forming the mens rea required for this crime and failed to demonstrate that he would have prevailed on an intoxication defense. The judge found that the introduction of defendant's mental health history would not have been "outcome determinative" because the judge had given counsel time to acquire information regarding his client and the pre-sentencing report outlined defendant's self-reported mental health issues. There were no filed reports indicating the defendant's mental health impacted his decision-making at the time of the incident or that he suffered from a mental defect that interfered with his ability to understand. Defendant's blanket allegations, unsupported by any documents, are insufficient under Strickland/Fritz. See State v. Cummings, 321 N.J. Super. 154, 170 (1999)

> (stating that "a [defendant] must do more than make bald assertions"). Defendant failed to demonstrate a reasonable probability that but for plea counsel's failure to ask for more mitigating factors, the result would have been different.

(Ra39, Dkt. No. 5-37 at 4-10.)

## IV. DISCUSSION

### A. Procedural Default of Federal Claims

Under the doctrine of procedural default, "[a] state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review … if … the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed." *Martinez v. Ryan*, 566 U.S. 1, 9–10, (2012) (citations omitted). Habeas review is permitted when a prisoner shows cause for the default and prejudice from a violation of federal law. *Id.* Habeas review of a procedurally defaulted claim is also available upon a showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 403 (2013) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (additional citations omitted)).

Petitioner alleges his trial counsel was ineffective by failing to investigate and raise applicable mitigating factors to the sentencing court. (Dkt. No. 1-2 at 14.) The Appellate Division, affirming the PCR Court's finding that Petitioner's PCR claims were procedurally barred, found that Petitioner's ineffective assistance of counsel claims were really excessive sentence claims in disguise. In New Jersey, absent a sentence exceeding the maximum statutory penalty, it is well established that review

of a sentencing judge's findings and conclusions regarding aggravating and mitigating factors is limited to direct appeal. *State v. Acevedo*, 205 N.J. 40, 45-48, 11 A.3d 858, 862 (2011); *State v. Rawlins*, No. A-1874-21, 2023 WL 2880099, at *2 (N.J. Super. Ct. App. Div. Apr. 11, 2023), *cert. denied*, 254 N.J. 207, 295 A.3d 1248 (2023) (quoting *State v. Clark*, 65 N.J. 426, 437 (1974) ("mere excessiveness of a sentence otherwise within authorized limits" can only be raised on direct appeal.))

New Jersey Court Rule 3:22-4(a) is a well-established, independent and adequate state ground that bars habeas relief here. In New Jersey, PCR claims of ineffective assistance of counsel are not permitted when there is no question that the Petitioner could have raised his ineffective assistance of counsel claims on direct review. *Cabrera v. Barbo*, 175 F.3d 307, 314 (3d Cir. 1999). Petitioner, represented by counsel, challenged his sentence before the Appellate Division's ESOA panel. (Rta4, Dkt. No. 5-45.) Petitioner alleged the sentencing court should have afforded weight to the non-statutory factor of mental illness. (*Id.* at 2.) Petitioner had the opportunity to raise any other mitigating factor before the ESOA panel. (Sentencing Categories for ESOA, Ra16, Dkt. No. 5-18.) Therefore, Petitioner's habeas petition is procedurally defaulted. Petitioner did not allege cause and prejudice or actual innocence to excuse procedural default of his ineffective assistance of counsel claim. Nonetheless, in the alternative, this Court determines Petitioner's ineffective assistance of counsel claim fails on the merits of habeas review.

### B.      Habeas Standard of Review

The Third Circuit has directed habeas courts to follow a two-step analysis under § 2254(d)(1). *Rosen v. Superintendent Mahanoy SCI*, 972 F.3d 245, 253 (3d Cir. 2020) (citing *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 888 (3d Cir. 1999) (*en banc*), *cert. denied* 528 U.S. 824 (1999)).  First, courts should "determine what the clearly established Supreme Court decisional law was at the time Petitioner's conviction became final" and "identify whether the Supreme Court has articulated a rule specific enough to trigger 'contrary to' review." *Id.* at 253 (quoting *Fischetti v. Johnson*, 384 F.3d 140, 148 (3d Cir. 2004)).  "The 'clearly established Federal law' provision requires Supreme Court decisions to be viewed through a 'sharply focused lens.'" *Id.*  Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  A decision is "contrary to" a Supreme Court holding within 28 U.S.C. § 2254(d)(1), only if the state court applies a rule that "contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a [different result.]" *Williams*, 529 U.S. at 405-06.  Second, if Supreme Court precedent is not specific enough to trigger contrary review, habeas courts should "evaluate whether the state court unreasonably applied the relevant body of precedent." *Rosen*, 972 F.3d at 253 (quoting *Matteo*, 171 F.3d at 888)).

Under § 2254(d)(1), "an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Williams*, 529 U.S. at 410). For relief under this provision, the state court's decision "evaluated objectively" must have "resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Rosen*, 972 F.3d at 252 (quoting *Matteo*, 171 F.3d at 890)). A habeas court must frame the "relevant question as whether a fairminded jurist could reach a different conclusion." *Shinn v. Kayer*, 141 S. Ct. 517, 524 (2020) or, in other words, whether "every fairminded jurist would disagree" with the state court. *Mays v. Hines*, 141 S. Ct. 1145, 1149 (2021).

### C.    Analysis

In the alternative to this Court's finding of procedural default, habeas review is of the Appellate Division's November 17, 2020 decision, affirming the PCR Court's denial of Petitioner's PCR petition. (RA39, Dkt. No. 5-37.) The parties agree that *Strickland v. Washington*, 466 U.S. 687 (1984) governs Petitioner's ineffective assistance of counsel claim. To establish an ineffective assistance of counsel claim, a petitioner must show: (1) counsel's performance was deficient, which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment"; and (2) "the deficient performance prejudiced the defense", which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*,

466 U.S. at 687. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697.

Addressing the prejudice prong of the Strickland analysis, the Appellate Division reasonably determined that if counsel had presented Petitioner's mental health issues at sentencing, Petitioner was not likely to have received a lower sentence. The Appellate Division reasoned that the PCR court, who was also the trial/sentencing court, considered Petitioner's mental health issues raised in his presentence report ("PSR"),[2] and did not find a basis for a lower sentence. It is significant, in determining prejudice, that the PCR court, who was also the trial court, accepted Petitioner's guilty plea after Petitioner assured the Court that he had sufficient time to discuss all issues with his counsel before pleading guilty, and Petitioner assured the trial court of his understanding that the plea agreement was for a 20 to 25-year sentence, at the discretion of the sentencing court. (Rta2, Dkt. No. 5-43 at 4-9.) With respect to Petitioner's claim that his counsel was ineffective by failing to raise Petitioner's mental health issues as a mitigating factor at sentencing, the PCR court stated, "I certainly would not have taken a plea from Mr. Cordero had I thought for one moment he did not understand what was happening." (Rta5, Dkt. No. 5-46

---

[2] The PSR was provided with the state court record at Docket Entry No. 6-3, filed under seal.

at 13.) The PCR court noted that Petitioner's conduct of changing his clothes to avoid apprehension after stabbing the victims was "indicative of a defendant being aware of what was happening and the consequences of those actions." (*Id.* at 13-14.) In sum, Petitioner failed to demonstrate a reasonable probability that but for counsel's failure to argue additional mitigating factors, he would have received a lower sentence. Therefore, in the alternative to procedural default, this Court would deny the habeas petition on the merits because the Appellate Division reasonably applied the *Strickland* standard in denying Petitioner's ineffective assistance of counsel claim.

## V.     CERTFICATE OF APPEALABILITY

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. For the reasons discussed above, reasonable jurists would not find denial of the habeas petition debatable on the procedural or substantive issues raised. Accordingly, no certificate of appealability shall issue.

## VI. CONCLUSION

For the reasons discussed above, the Court will deny the habeas petition and will not grant a certificate of appealability.

An appropriate Order follows.

**Date: January 3, 2024**

                                              s/Renée Marie Bumb
                                              RENÉE MARIE BUMB
                                              Chief United States District Judge